BEFORE THE THIRD DIVISION, APRIL 2, 1957

**No. 60600.**—British American Importation Co. *v.* United States, protest 245760–K (Los Angeles).

JOHNSON, Judge: This is a protest against the collector's re-reliquidation of September 17, 1954, assessing internal revenue tax at various rates on 2,989.60 gallons of whisky, the duty remaining as in the reliquidation of May 14, 1953, wherein it was assessed on 3,591 gallons. It is claimed in the protest that duty should have been assessed upon the same quantity as that on which internal revenue tax was assessed and that duty should not have been assessed on 250 cases (600 gallons) which had been exported.

From the entry papers and the testimony of John C. Townsend, deputy collector in charge of the liquidating division at Los Angeles, the following facts appear: 1,500 cases of whisky containing 3,600 gallons were exported from Scotland and entered for warehouse at the port of Los Angeles on July 19, 1941. The entry was originally liquidated on November 15, 1941, and duty was assessed at $2.50 per gallon on 3,599 gallons [1] and internal revenue tax at $3 per gallon on 291 gallons [2] and at $4 per gallon on 3,300 gallons.[3] At that time, 291 gallons had been withdrawn and the balance remained in warehouse. Timely protest was filed to this liquidation, and, on January 23, 1953, this court rendered its decision directing the collector to reliquidate and refund all duties taken upon quantities in excess of the quantities subject to final assessment of internal revenue taxes. *Bohemian Distributing Co.* v. *United States*, 30 Cust. Ct. 329, Abstract 57040.

Thereafter, on May 14, 1953, the entry was reliquidated and duty was assessed at $2.50 per gallon on 3,591 gallons, no change being made in the assessment of internal revenue tax.

Meanwhile, 250 cases of the merchandise had been exported, and the remaining amount had been withdrawn for consumption in various quantities at different dates. On September 17, 1954, the entry was again reliquidated. The duty assessed remained as in the reliquidation of May 14, 1953. Internal revenue tax was assessed upon a total of 2,989.60 gallons at the rates in effect on the respective

---

[1] Paragraph 802, Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, T. D. 49753.

[2] 26 U. S. C. § 2800 (a) (1), as amended by 54 Stat. 524.

[3] 26 U. S. C. § 2800 (a) (1), as amended by 55 Stat. 708.

dates of withdrawal. 26 U. S. C. § 2800 (a) (1), as amended by 54 Stat. 524, 55 Stat. 708, 56 Stat. 970, and 58 Stat. 61. No internal revenue tax was assessed on the merchandise which had been exported. It is against this re-reliquidation that the present protest has been lodged.

The protest does not question the legality of the re-reliquidation, which took place more than a year after the reliquidation, at which time all of the merchandise had been exported or withdrawn from warehouse for consumption. The plaintiff claims only that duty should have been assessed on the same quantity as that on which internal revenue tax was assessed. The Government has submitted a notice stating that it does not desire to file a brief.

On the record before us, and confining the decision to the issues presented, we hold that duty should have been assessed only on the quantity of merchandise subject to internal revenue tax. Public Law 612 (62 Stat. 344); *Austin, Nichols & Co.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155.

The protest is sustained and judgment will be rendered directing the collector to reliquidate the entry and make refund of all duty taken upon any quantity of merchandise in excess of the quantity withdrawn from warehouse for consumption.